[No. 32863.   Department Two.   September 8, 1955.]

LOUIS KETEL et al., *Respondents*, v. ED HOVICK et al., *Appellants.*[1]

*Roehl & Dalquest,* for appellants.

*Livesey, Kingsbury & Livesey,* for respondents.

WEAVER, J.—Plaintiff, a farm-equipment dealer, commenced this action on an open account against defendants, a partnership engaged in farming and custom baling. Defendants cross-complained for breach of warranty in the purchase of a baling machine from plaintiff.

Defendants assign error to the order denying them a new trial and to that portion of the judgment, and its supporting finding of fact, dismissing their cross-complaint.

Plaintiff and defendants first produced evidence directed to the issues raised by plaintiff's complaint and defendants' answer.

Defendants then introduced *prima facia* evidence which established:

That defendants purchased a Minneapolis-Moline wire baling machine from plaintiff; that the contract of purchase, *inter alia,* provided:

"All new machinery described herein is warranted by the Dealer to perform the work for which it is intended when properly set up and operated under favorable conditions. . . .

"If the machine cannot be made to fulfill the warranty and the Purchaser promptly returns it to the Dealer at his place of business, the Dealer will either furnish another machine with the same warranty, or at his option refund the amount paid, which shall constitute a settlement in full

of all claims of every nature, the Dealer's liability being expressly limited to replacing the machine, or at his option refund the purchase price. The Dealer shall not be liable for any loss or damage resulting from the use, or loss of use, of any machine. . . .

"The Dealer makes no representations, warranties, or conditions, expressed or implied, statutory or otherwise, except those herein contained."

That a part of defendants' business was doing contract baling for other farmers, in which business they attempted to use the machine purchased; that the baling machine never operated properly; that plaintiff was advised immediately and then made numerous unsuccessful attempts to remedy the defects; that the machine could not be made to fulfill the warranty; that defendants offered to return the baling machine to plaintiff; that plaintiff refused to accept it and refused to refund the purchased price or furnish another machine; that the machine, when delivered to defendants, was worth one half of the purchase price because of its defective condition; that defendants advertised the baler for sale; that the bank, which held a mortgage on the machine, found a buyer for it; that the baler sold for $535 less than the purchase price.

At this point, we notice that defendants' cross-complaint alleges facts which only support a prayer for damages for alleged loss of profits in their business, by reason of the defective condition of the baler. However, defendants' evidence, as we have outlined it above, was admitted without objection on the ground of variance from the pleadings. Hence, the pleadings will be deemed amended to conform to the proof. *York v. Gaasland Co.*, 41 Wn. (2d) 540, 548, 250 P. (2d) 967 (1952).

Plaintiff's counsel objected to the introduction of evidence which purported to prove defendants' damages for loss of use, loss of profits, loss of time, and loss of custom baling allegedly resulting from the machine's defective condition.

The parties to a contract of sale and purchase of personal property may, by the terms of their agreement, limit the vendor's liability to that expressed in the contract of sale. RCW 63.04.720.

The contract of purchase (which both parties admit) specifically provided that

"The Dealer shall not be liable for any loss or damage resulting from the use, or loss of use, of any machine."

Hence, the trial court did not err when it sustained the objection to the introduction of evidence tending to prove damages for loss of use of the machine.

The objection having been sustained, the following took place:

"Mr. Roehl [for defendant]: Note an exception to the Court's ruling. The Court: Exception is granted. Now if there is anything further on the part of the defendants *in response to plaintiff's complaint* that you wish to offer, you may do so. [Both parties had already closed their testimony directed to the issues raised by the complaint and answer.] Mr. Roehl: Apparently there is nothing more *on that.* The Court: Is there anything more on behalf of plaintiff? Mr. Livesey [for plaintiff]: In our original action, Your Honor? The Court: *On your original complaint?* Mr. Livesey: No, Your Honor." (Italics ours.)

The statement of facts continues:

"WHEREUPON, after a short recess, Counsel for the parties argued the cause to the Court, and at the close of Counsel's argument the Court rendered its decision . . . "

It is apparent that defendants had not rested their case; and that plaintiff did not have an opportunity to meet the testimony which related to alleged damages, other than the loss of use of the machine.

The trial court's ruling on plaintiff's objection to the evidence was interpreted by defendants' counsel as precluding any further evidence on the cross-complaint. The proceedings quoted *supra* would seem to justify this conclusion.

After argument on defendants' motion for a new trial, the trial judge indicated that he had not intended his ruling to be so interpreted; but, in denying the motion, held that the interpretation was immaterial, because (1) defendants could not recover damages resulting from the use or loss of use of the baling machine (with which we agree); and (2)

". . . the defendants would still be left there with the remedy of return of the purchase price or asking for another machine."

If, as a matter of law, defendants cannot maintain such action on their cross-complaint, then they were not prejudiced by the dismissal.

The specific question is whether, under the facts of this case, that portion of the sales contract which reads:

"If the machine cannot be made to fulfill the warranty and the Purchaser promptly returns it to the Dealer at his place of business, the Dealer will either furnish another machine with the same warranty, or at his option refund the amount paid, which shall constitute a settlement in full of all claims of every nature, *the Dealer's liability being expressly limited to replacing the machine, or at his option refunding the purchase price* . . ." (Italics ours.)

precludes the vendees from maintaining an action for damages, other than for "loss or damage resulting from the use, or loss of use, of" the machine.

Plaintiff's refusal to accept defendants' offer to return the baling machine was a waiver of his right to demand that it be returned. *Gwinn v. Heydon,* 112 Wash. 664, 671, 192 Pac. 914 (1920).

In *Crandall Engineering Co. v. Winslow Marine R. & Shipbuilding Co.,* 188 Wash. 1, 61 P. (2d) 136, 106 A. L. R. 1457 (1936), the vendor's liability was limited to replacing a defective gear, within ninety days after delivery to the original purchaser, " 'this warranty being expressly in lieu of all other warranties, expressed or implied.' " The vendor replaced the defective part in accordance with the warranty. Thereafter, this court held that the vendee could not recover the cost of labor and materials expended in dismantling the broken gear, installing a temporary one, and subsequently installing the new gear, saying:

"The appellant, having complied with the obligation assumed by it, is not subject to a liability which it has expressly disclaimed." (p. 18)

Thus, there was a compliance with the condition under which the stipulation became operative. The court expressly

eliminated from its consideration those cases where the vendor failed or refused to proceed with the contract at all, or did nothing in compliance with the contract.

In *Womach v. J. I. Case Threshing Machine Co.*, 62 Wash. 661, 114 Pac. 509 (1911), the contract provided:

" ' . . . if then the machinery cannot be made to fulfill the warranty, the part that fails is to be returned by the purchaser, . . . and at the company's option another substituted therefor that shall fill the warranty, or the notes and money for such part immediately returned and the contract rescinded to that extent, and no further claim made on the company.' " (p. 663)

The vendor was not able to make the machine thresh grain properly. Its general agent directed the vendee to leave the machine where it was; he subsequently refused to furnish a new machine. This court permitted the vendee to recover the purchase price, the freight charges paid, and damages and loss suffered because of the inability to make the machine thresh in the manner warranted. It should be noted, however, that the issue presented in the instant case is not discussed in the *Womach* opinion.

In *Mayfiield v. George O. Richardson Machinery Co.*, 208 Mo. App. 206, 209, 231 S. W. 288 (1921), the warranty provided:

" 'If the defective machinery cannot be made to fill the warranty, it shall be returned by the purchaser to the place where received and another furnished on the same terms of warranty, or money and notes to the amount represented by the defective machinery shall be returned, and no further claim be made on said Corporation.' "

The farm tractor could not be made to fulfill the warranty. The buyer returned it but the seller refused to accept it. The buyer commenced an action to recover (1) the amount he had paid on the promissory notes given in payment of the purchase price; (2) the damages sustained by way of expenses in trying to operate the machine; and (3) the loss of the rental value of one season's use of the land. The seller argued that the exclusive limit of its liability was either to return the purchase price or to furnish another machine. In rejecting this argument, the court said:

"It seems to us that the purchaser's right to sue for general damages for the breach was not *unconditionally* 'contracted away' but that the agreement to make no further claim on the company was conditioned on the agreement of the company to either give another machine or refund the money. . . . The agreement of the company that it would do this is the basis and the condition, and the *only consideration*, for the purchaser's giving up his right to general damages."

Having failed to comply with the conditions precedent necessary to implement the limited liability expressed in the warranty, the vendor was held liable on the theory of damages set forth in the vendee's complaint.

■ A contract of sale and purchase of personal property may contain a stipulation limiting the liability of the vendor in the event of a breach, and such a stipulation will govern, provided there has been no waiver of such provision, and *provided there is a compliance with the conditions under which the stipulation is to become operative. Minneapolis-Moline Power Implement Co. v. Wright,* 233 Mo. App. 409, 122 S. W. (2d) 397 (1938).

■ We construe the warranty in the instant case to mean that an acceptance of a return of the baling machine, and *either* a refund of the purchase price, *or* a replacement of the machine, is a condition precedent to limiting the vendor's liability to performance of the acts expressed in the contract.

Having refused to accept the machine, replace it, or refund the purchase price, plaintiff, as vendor, is subject to all remedies which are available to defendant vendees under the sales act, except for damages resulting from the loss of use of the machine. The clause which excludes liability for damages "resulting from the use, or loss of use, of any machine" is an independent provision of the contract; its operative effect is not dependent upon the performance of any acts by the vendor.

That portion of the judgment dismissing defendants' cross-complaint is reversed and remanded for a new trial.

HAMLEY, C. J., MALLERY, HILL and ROSELLINI, JJ., concur.