[No. 33597.   Department Two.   October 4, 1956.]

McDonald Credit Service, Inc., *Respondent*, v. Ray Church
et al., *Appellants*.[1]

*James E. Duree* and *Fred M. Bond*, for appellants.

*Charles B. Welch*, for respondent.

Weaver, J.—Defendants appeal from a judgment for the unpaid balance of a conditional sales contract.

The defendants pleaded and produced evidence of (1) breach of an express warranty and (2) breach of an implied warranty.  The trial court held that, under the terms of the written conditional sales contract, these defenses were not available to the defendants.  Fraud is not an issue.

[1]Reported in 301 P. (2d) 1082.

The alleged breach of an express warranty is based upon that portion of the conditional sales contract which reads as follows:

"The undersigned seller hereby sells and the undersigned purchaser hereby purchases, upon the terms and conditions hereinafter set forth, the following described property, to-wit: one used Oliver Baler, Continental Motor No. F 140, serial number 15254 together with its fittings, attachments and equipment, hereinafter referred to as 'said property,' *delivery and acceptance of which, in good order, is hereby acknowledged*, for a total time purchase price of $857.20." (Italics ours.)

■ We are unable to follow defendants' (appellants') argument that the italicized words, in the foregoing quotation from the conditional sales contract, constitute an express warranty. An express warranty is an affirmation of fact which may tend to induce the buyer to purchase, or a promise by the *seller* upon which the buyer relies when making the purchase. RCW 63.04.130.

■ "Delivery and acceptance of which, in good order" refers to the acknowledgment of the *buyer* that he has received delivery of the property and has accepted it in good order. It is not an affirmation of the seller. Hence, the contract does not contain an express warranty which constitutes a defense to this action.

Defendants (appellants) contend that they are entitled, under the facts, to the benefit of an implied warranty of quality based upon RCW 63.04.160 (1), (2).

■ However, the parties to a contract of sale and purchase of personal property may, by the terms of their agreement, limit the vendor's liability to that expressed in the contract of sale. *Ketel v. Hovick*, 47 Wn. (2d) 368, 370, 287 P. (2d) 739 (1955).

RCW 63.04.720 provides:

"Where any right, duty, or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom is such as to bind both parties to the contract or the sale."

In the instant case, the conditional sales contract provides:

"The Purchaser hereby acknowledges that all the terms and provisions of the purchaser's agreement with the seller are contained in this contract; that there is no other agreement collateral hereto and that the seller has made no representation or express or implied warranty with respect to said property which is not set forth in this contract."

■    This court has held on numerous occasions that when a seller and a buyer enter into a contract in which the seller expressly refuses to give any warranty, and the contract is not induced by fraud, no warranty of any kind can be implied by law. *Lent v. McIntosh*, 29 Wn. (2d) 216, 229, 186 P. (2d) 626 (1947); *Williamson v. Irwin*, 44 Wn. (2d) 373, 381, 267 P. (2d) 702 (1954), and cases cited.

The trial court did not err when it held that the defense of breach of implied warranty was not available to defendants.

■    Defendants' (appellants') remaining assignment of error directed to the allowance of an attorneys' fee is not argued in the brief. We cannot consider it.

The judgment is affirmed.

OTT, MALLERY, HILL, and ROSELLINI, JJ., concur.