[No. 34189.   Department One.   July 11, 1957.]

DAVID MARTIN, *a Minor, by his Guardian ad Litem, Louella Martin Kane, Respondent,* v. J. C. PENNEY COMPANY, *Appellant.*[1]

[1]Reported in 313 P. (2d) 689.

*Ogden & Ogden*, for appellant.

*Everett O. Butts* and *A. A. Samboni*, for respondent.

OTT, J.—On or about March 21, 1955, Mrs. Louella Martin Kane, mother of David Martin, purchased a long-sleeved shirt from the J. C. Penney Company store at Everett, Washington. At the time of the purchase, she advised the clerk that she wanted the shirt as a birthday present for her fifteen-year-old son. The clerk informed her that the shirts on the table were the type being purchased for boys of that age. Mrs. Kane selected one.

On the morning of April 5, 1955, David was wearing the shirt, which was not buttoned or tucked into his trousers. As he walked by the electric range, the left-front burner was turned on and uncovered. The shirt ignited. He testified:

"Then I walked by the stove, and all of a sudden she just exploded; . . . It just exploded and—I don't know—I just walked by, and a mass of flames just walked out; . . ."

He estimated that the shirt burned for approximately five seconds. All that remained of the shirt after the fire had been extinguished was the collar. David received second and third degree burns.

This action was instituted in his behalf upon the theory of breach of implied warranty of fitness on the part of the defendant, J. C. Penney Company. From a judgment in favor of the plaintiff, entered upon the jury's verdict, the defendant has appealed.

The appellant's principal assignment of error relates to the sufficiency of the evidence to sustain the verdict.

The uniform sales act, RCW 63.04.160 [*cf.* Rem. Rev. Stat., § 5836-15], reads in part as follows:

"Where the buyer, expressly or by implication, makes

known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

■ In *Ringstad v. I. Magnin & Co.*, 39 Wn. (2d) 923, 239 P. (2d) 848 (1952), a case which presented similar issues, this court set out two prerequisites to establish an implied warranty of fitness, (1) the buyer must make known to the seller the particular purpose for which the article is required, and (2) the buyer must rely upon the seller's skill and judgment as to fitness when he purchases the article.

■ The evidence in this case established the first element, that the intended purpose for which the article was purchased was made known to the seller.

Appellant contends that the second element was not established, in that the salesman made no representation in which his skill or judgment was expressed that the goods were reasonably fit for such purpose.

A stipulation entered into prior to trial eliminated the issue of express warranty. Therefore, we are not here concerned with express representations by the seller.

■ In determining whether the evidence established the second element, we are concerned with whether the buyer relied upon the seller's skill and judgment in selecting the article. The buyer is entitled so to rely where a practical inspection of the goods would not disclose an unsound condition. Whether there was such reliance is a factual question which must be presented to the jury. *Ringstad v. I. Magnin & Co.*, *supra*.

■ Likewise, whether there has been a breach of an implied warranty presents a factual question. It is for the jury to determine, under the facts, (1) whether the use of the article purchased was a reasonable use, and (2) whether the goods sold were reasonably fit for the buyer's purpose. *Ringstad v. I. Magnin & Co.*, *supra*.

There is no dispute in the instant case that the material from which the shirt was made appeared to be cotton

gingham. Expert testimony submitted by appellant with reference to the inflammability of cotton gingham, from tests of similar materials, supported appellant's theory that the article sold was not inherently dangerous for reasonable use as wearing apparel.

Against this proof was the testimony of David Martin that the shirt immediately burst into flames, and in five seconds was entirely consumed except the collar. His testimony was corroborated by his mother, who stated that she was approximately twelve feet away when she heard David scream; that the flames were already "shooting up above his head"; that she took four or five steps to reach David and threw a blanket around him which extinguished the fire, and that, by that time, there was nothing left of the shirt but the collar.

This testimony was further corroborated by the attending doctor, who testified that David had second and third degree burns. As to the intensity of the heat which caused the burns, the plastic surgeon stated:

" . . . In this boy's case, a boy who is an athlete to begin with, I feel that that burn would have to be caused by something that was almost explosive in its type of burning. . . . Q. What do you mean by explosive, Doctor? A. A flash type burn. Q. You mean a quick burn? A. That is right."

Although no expert testimony was submitted by the respondent with reference to the flammability of cotton gingham, the jury could have determined, from the above evidence, that the shirt which the respondent was wearing was so inflammable as to render it inherently dangerous.

The issues raised by this conflicting evidence were submitted to the jury under proper instructions, as noted by the following excerpts:

Instruction No. 3: " . . . Under the law the seller of an article of wearing apparel impliedly warrants it to be suitable, safe and fit for the purpose for which it was designed and sold, or for any purpose the seller might reasonably anticipate it will be used. . . ."

Instruction No. 5: "You are instructed that a storekeeper does not guarantee or warrant that a textile article sold by

him in the usual course of business will not ignite if exposed to fire. He warrants the article is reasonably fit and safe for the ordinary uses and purposes for which it is sold. If a sport shirt is made of a fabric in common use as a sport shirt material and its combustible characteristics are no greater or different than those of other fabrics in common use, and such fabrics are generally and reasonably fit for the purpose of being made into and used as sport shirts, then the storekeeper has breached no warranty in selling such a sport shirt, and if the sport shirt should catch fire or explode and cause damage, the storekeeper would not be liable unless such fire or explosion is outside ordinary and reasonable experience."

Instruction No. 9: "You are instructed that the plaintiff is not entitled to recover merely by showing that the sport shirt in question burned, but he must prove by a fair preponderance of the evidence that it was not reasonably fit for the purpose for which it was to be used. In this connection you are instructed that the sport shirt in question was not warranted to be fireproof and in determining whether or not the sport shirt was reasonably fit for use as a sport shirt, you should consider the normal and ordinary use to which such a shirt is put, and if you determine that the shirt was reasonably suitable for that purpose, then no warranty has been breached, and your verdict must be for the defendant."

Instruction No. 10: "You are instructed that unless you find from the evidence in this case that the sport shirt instantaneously and with almost explosive rapidity ignited, and that it did so by reason of some inherent condition of the fabric and at a rate of speed faster than other fabrics commonly used in sport shirts, your verdict shall be in favor of the defendant."

Instruction No. 11: "To sum up, then, it is for you to determine in favor of the defendant or plaintiff the answers to the following:

"1. Did the shirt ignite and burn in a manner usual and customary to shirts made of like material and in common use? If you so find, then your verdict should be for the defendant.

"2. Did the shirt ignite and burn so fast and with such intense heat that its inherent inflammable characteristics breached the implied warranty heretofore referred to? If you so find, then your verdict should be for the plaintiff."

■ With reference to breach of the implied warranty of fitness, there was evidence, which the jury was entitled to believe, (1) that the shirt was being worn in a reasonable manner and that its use as wearing apparel was such as might reasonably be anticipated by the seller, and (2) that this shirt possessed characteristics which rendered it unsafe for reasonable use.

The court did not err in denying appellant's motion for a directed verdict or for judgment notwithstanding the verdict.

■ Although appellant assigns error to the giving of a portion of instruction No. 3, and error to the failure of the court to grant appellant's motion for a new trial, these assignments are not discussed in appellant's brief and are deemed waived. *McDonald Credit Service v. Church,* 49 Wn. (2d) 400, 301 P. (2d) 1082 (1956).

The judgment is affirmed.

HILL, C. J., FINLEY, and FOSTER, JJ., concur.

MALLERY, J. (dissenting)—I dissent. The oldest and most extensively used fabric known to man is cotton. Men have burned themselves with it from time immemorial and probably always will. It is a material suitable for shirts. Manufacturers and sellers of cotton articles are not insurers of the shirt-wearing population.

The respondent proved the shirt in question was made of cotton gingham and that it "exploded" for some wholly unexplained reason.

Respondent failed to prove what caused the explosion. Hence, recovery must be predicated solely upon the proposition that cotton gingham is not suitable material for shirts, and its use for that purpose is, therefore, a breach of the implied warranty of fitness.

If all the facts in the case warranted application of the doctrine of *res ipsa loquitur*, respondent would be excused from proving what caused the explosion. That doctrine is not available to respondent because he was in control and possession of the shirt during the period in question. Hence,

the cause of the explosion is the proper subject of proof—not of speculation by a jury.

"It is a question for the jury" is a ready formula, but it does not apply to questions of law. What constitutes a *prima facie* case is a question of law. The cause should not have been submitted to the jury.

---

October 24, 1957. Petition for rehearing denied.

