[No. 33917. Department Two. August 1, 1957.]

ALBERT J. LAHUE *et al.*, *Respondents*, v. COCA COLA BOTTLING, INC., *Appellant.*[1]

[1] Reported in 314 P. (2d) 421.

*George H. Bovingdon,* for appellant.

*Lundin, Barto & Goucher,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment in favor of the plaintiffs in an action for damages arising out of the breach of an implied warranty, tried to the court.

February 16, 1955, plaintiff husband purchased 'a sealed bottle of Coca Cola from Andrew Rapuzzi, the owner of the Joy House Tavern in Seattle. He took the unopened bottle to his apartment and gave it to his wife. She opened it and, upon sipping it, discovered some foreign matter in the bottle. She immediately suffered nausea. Subsequently, the foreign matter was determined by a chemist to be protein material, presumably an animal tissue. Plaintiffs brought this action for damages against defendant, the manufacturer.

At the trial, after both parties had rested, the defendant moved for judgment of dismissal on the ground that plaintiffs had made no allegation or proof of notice to defendant, prior to suit, concerning the breach of warranty. The motion was denied.

The trial court found for plaintiffs on the issue of liability. It also found that there had been no notice of a breach

of warranty given by plaintiffs to defendant, except the service of the complaint. It concluded, however:

"That the commencement of suit is to be construed as the communication of notice of breach of warranty in compliance with the Sales Act."

Judgment was entered for the plaintiffs in the sum of three hundred dollars, and this appeal follows.

All of appellant's assignments of error arise from one basic premise: that this action being one based on a breach of warranty, RCW 63.04.500 applies, requiring the buyer to give notice to the seller of the breach of warranty. Therefore, it contends that the giving of such notice is a condition precedent to recovery of damages.

■ It must be borne in mind that there is no privity of contract between the parties to this action. This is not an action by a *buyer* against a *seller*. It is an action by a consumer against the manufacturer of a bottled beverage for breach of implied warranty of the wholesomeness of its product, which product was purchased by the consumer from a retailer. RCW 63.04.500 does not apply.

■ The liability of a manufacturer in a case such as this forms an exception to the general rule of nonliability of a manufacturer to a remote vendee, and arises upon principles of tort. The implied warranty of the wholesomeness of food or beverages in original packages placed on sale, whenever it exists at all, arises as an implication of the common law. The liability does not rest so much upon an implied contract as upon a violation of a duty to members of the general public to prevent them from suffering injury as a result of the wrongful manufacture or distribution of any particular article or articles. See *Mazetti v. Armour & Co.*, 75 Wash. 622, 135 Pac. 633.

■ In the absence of an express warranty of quality, a manufacturer of food products or beverages, under modern conditions, impliedly warrants that his goods are wholesome and fit for human consumption, and such warranty is available to all who may suffer damage by reason of their use in the legitimate channels of trade. The ultimate con-

sumer may, because of the breach of warranty, recover against the manufacturer or packer, as well as against his immediate vendor, despite the lack of privity, without complying with the provisions of the uniform sales act relative to notice. *Mazetti v. Armour & Co., supra. Flessher v. Carstens Packing Co.,* 93 Wash. 48, 160 Pac. 14. *Nelson v. West Coast Dairy Co.,* 5 Wn. (2d) 284, 105 P. (2d) 76, 130 A. L. R. 606. *Geisness v. Scow Bay Packing Co.,* 16 Wn. (2d) 1, 132 P. (2d) 740. It follows that we need not consider appellant's assignment of error that the trial court erroneously concluded "that the commencement of suit is to be construed as the communication of notice of breach of warranty."

■ The judgment was not based on a proper ground. However, we have held that if the judgment of the trial court is based upon an erroneous ground, it will be sustained if based upon any legal ground within the pleadings and established by the proof. *Ennis v. Ring,* 49 Wn. (2d) 284, 300 P. (2d) 773. There are legal grounds in this case to sustain the judgment.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.