[No. 35179.   Department One.   January 7, 1960.]

PETE DIMOFF et al., *Appellants*, v. ERNIE MAJER, INC., *et al.*,
*Respondents*.[1]

[1]Reported in 347 P. (2d) 1056.

*Tonkoff, Holst & Hopp* and *Samuel W. Fancher,* for appellants.

*Paine, Lowe, Coffin & Herman,* for respondent Ernie Majer, Inc.

*Witherspoon, Kelley, Davenport & Toole (E. Glenn Harmon,* of counsel), for respondent Ford Motor Co.

OTT, J.—October 9, 1956, Ernie Majer, Inc., repossessed a Ford truck it had previously sold on contract to Pete Dimoff and Lewis Raikoglo on or about May 18, 1956. The purchase agreement contained, *inter alia,* the following:

"Manufacturer's Warranty is shown on back of this order. It is agreed that there are no other warranties, either expressed or implied covering said car. (2) This order is not binding on dealer until accepted by dealer in writing. (3) I have read the matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. . . .

"Dealer warrants to Purchaser (except as hereinafter provided) each part of each Ford Motor Company product sold by Dealer to Purchaser to be free under normal use and service from defects in material and workmanship until such product has been driven, used or operated for a distance of four thousand (4,000) miles or for a period of ninety (90) days from the date of delivery to Purchaser, whichever event first shall occur. Dealer makes no warranty whatsoever with respect to tires or tubes. Dealer's obligation under this warranty is limited to replacement of,

at Dealer's location, or credit for, such parts as shall be returned to Dealer with transportation charges prepaid and as shall be acknowledged by Dealer to be defective. This warranty shall not apply to any Ford Motor Company product that has been subject to misuse, negligence or accident, or in which parts not made or supplied by Ford Motor Company are used if, in the sole judgment of Dealer such use affects its performance, stability or reliability, or which shall have been altered or repaired outside of Dealer's place of business in a manner which, in the sole judgment of Dealer, affects its performance, stability or reliability. This warranty is expressly in lieu of all other warranties, express or implied, and of all other obligations or liabilities on the part of Dealer, except such obligation or liability as Dealer may assume by its Authorized Ford Dealer's Service Policy or separate written instrument."

After the truck was repossessed, Pete Dimoff and Lewis Raikoglo commenced an action against the Ford Motor Company and Ernie Majer, Inc., alleging that they had been defrauded by false sales representations that had been made by the defendants prior to their purchase of the truck; that they relied upon the representations as true, and that, because of the fraud perpetrated upon them, they suffered damages in the sum of $8,124.

At the close of the evidence, counsel for plaintiffs moved that the court amend the pleadings to conform with the proof to include a cause of action for breach of warranty, either express or implied. The court denied the motion to amend, and found that the plaintiffs had not sustained the burden of proof necessary to establish fraud.

From a judgment dismissing the cause of action against both defendants, the plaintiffs have appealed.

The appellants' evidence established that the truck used excessive gasoline and oil; that it lacked power, and that the reason for its inefficient operation was a crimp in the fuel line. The court found that the crimp in the fuel line caused "a lean fuel mixture and adversely affected the carburetion on the motor of said truck." The truck had been test driven, prior to delivery, by appellant Raikoglo, who stated he was satisfied with its performance. The crimp in the fuel line was discovered after the truck had been

driven approximately twenty-seven thousand miles, and had been inspected in nine or ten repair shops.

■ Appellants assign error to the court's finding that fraud was not established. Our examination of the record convinces us that several of the nine essential elements of fraud (*Webster v. L. Romano Engineering Corp.*, 178 Wash. 118, 34 P. (2d) 428 (1934)) were not established. The court did not err in its finding in this regard.

■ Appellants next assign error to the court's refusal to grant their motion to amend the pleadings to conform with the proof. Such a motion is addressed to the sound discretion of the trial court. *Hendricks v. Hendricks*, 35 Wn. (2d) 139, 150, 211 P. (2d) 715 (1949).

Did the trial court abuse its discretion in denying the motion? The reason the trial court gave for the denial was that the amendment would be of no avail to appellants because the evidence did not establish a cause of action for breach of warranty. We agree. The covenant of warranty quoted above limited the obligation of respondent Ernie Majer, Inc., to that of replacing parts of the truck which were defective in material or workmanship. It precluded recovery for consequential damages suffered because of a defective part. *Crandall Engineering Co. v. Winslow Marine R. & Shipbuilding Co.*, 188 Wash. 1, 61 P. (2d) 136, 106 A. L. R. 1457 (1936).

■ It is well settled that the parties to a contract of sale may, by the terms of their agreement, limit the vendor's liability to that expressed in the contract of sale. RCW 63.04.720; *McDonald Credit Service v. Church*, 49 Wn. (2d) 400, 301 P. (2d) 1082 (1956); *Ketel v. Hovick*, 47 Wn. (2d) 368, 287 P. (2d) 739 (1955); *Crandall Engineering Co. v. Winslow Marine R. & Shipbuilding Co., supra*. It is conceded that Ernie Majer, Inc., performed all of the express warranties. The implied warranties were disclaimed by the contract of sale.

■ The evidence did not establish a breach of warranty on the part of Ernie Majer, Inc., and the trial court did not abuse its discretion in refusing to amend the pleadings as to this respondent.

■ With reference to respondent Ford Motor Company, no privity of contract existed with appellants. If liability attaches, the appellants must establish facts which bring them within one of the three exceptions to the general rule that, if there is no contractual privity, there can be no warranty. These exceptions are as follows:

" '(1) Where the thing causing the injury is of a noxious or dangerous kind; (2) where the defendant has been guilty of fraud or deceit in passing off the article; (3) where the defendant has been negligent in some respect with reference to the sale or construction of a thing not imminently dangerous.' " *Fleenor v. Erickson,* 35 Wn. (2d) 891, 898, 215 P. (2d) 885 (1950), quoting with approval from *Mazetti v. Armour & Co.,* 75 Wash. 622, 135 Pac. 633 (1913).

■ Respondent Ford Motor Company does not fall within any of these exceptions for the following reasons:

(1) The truck's crimped fuel line does not qualify it as a dangerous or noxious instrumentality. The rule announced in *Baxter v. Ford Motor Co.,* 168 Wash. 456, 12 P. (2d) 409, 88 A. L. R. 521 (1932), is not apposite for the reason that, in the *Baxter* case, the defective windshield was an inherently dangerous condition. See *Freeman v. Navarre,* 47 Wn. (2d) 760, 289 P. (2d) 1015 (1955).

(2) Fraud was not established, as above-mentioned.

(3) There was no evidence or inferences therefrom relating to negligence in the manufacture of the truck in question. Appellants' evidence did not bring them within any of the exceptions to the general rule relating to a warranty without contractual privity.

The court did not err in refusing to permit the amendment to the pleadings as to respondent Ford Motor Company.

Since we have concluded that there was no cause of action for breach of warranty, we do not reach appellants' remaining assignments of error.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.