THE CONSOLIDATED FIREWORKS COMPANY OF AMERICA

*v.*

FREDERICK KOEHL.

*Opinion filed April 18, 1901.*

| 190 | 145 |
|---|---|
| s103a | 153 |
| 190 | 145 |
| 208 | ¹151₁ |
| 190 | 145 |
| 215 | ¹432 |

1. MASTER AND SERVANT—*general servant of one party may be the special servant of another.* One who is the general servant of one party may be lent or hired by his master to another for some special service, so as to become, as to such service, the servant of the other, the test in such case being whether, in the particular service, the servant continues to be under the direction and control of his master or of the other party.

2. SAME—*when it is error for court to determine question of relation of master and servant as one of law.* In a joint action against a fireworks company and the committee in charge of the fireworks exhibition, brought by a person injured by an explosion of fireworks negligently left exposed to sparks by the men who were sent out by the fireworks company to discharge the fireworks, the question whether such men, under the contract between the joint defendants, were for the particular service the servants of the fireworks company or of the committee, is one of fact, to be determined by the jury under proper instructions, where there is a conflict in the testimony as to the terms of the contract, which was evidenced partly by letter and partly by conversation; and it is error to take the case from the jury as to the committee.

*Consolidated Fireworks Co. v. Koehl,* 92 Ill. App. 8, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

WEART & WEART, (R. S. THOMPSON, of counsel,) for appellant.

H. M. KELLY, and LINCOLN & STEAD, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought by appellee against the city of LaSalle, Isaac Guthman and fourteen other persons, constituting a committee of fifteen who

190—10

had charge of a Fourth of July celebration in the city of LaSalle in the year 1895, and the Consolidated Fireworks Company of America, to recover damages for an injury to his person sustained by reason of the explosion of certain fireworks at said celebration.

The declaration, as amended, charged negligence in the selection of an unfit and dangerous place at which to discharge said fireworks; in permitting people who were witnessing the discharge of said fireworks to be in dangerous proximity to the place where said fireworks were being discharged; in discharging an imperfect shell, which exploded and ignited said fireworks prematurely; and in leaving said fireworks in an open and exposed situation and failing to properly protect the same from sparks and fire, whereby they were ignited and prematurely discharged. At the close of the plaintiff's evidence he dismissed the suit as to the city of LaSalle, and on motion of the committee the court excluded the evidence as to them but denied such motion as to the appellant, to which action of the court in permitting the plaintiff to dismiss as to the city of LaSalle and in excluding the evidence as to said committee and refusing so to do as to the appellant the appellant excepted. At the close of all the evidence the appellant moved the court to exclude the evidence and to instruct the jury to find it not guilty, which the court declined to do, to which ruling of the court the appellant excepted. At the close of the argument the court instructed the jury to find the committee not guilty, to which ruling of the court in taking the case from the jury as to said committee and allowing it to proceed against the appellant alone the appellant excepted. The jury returned a verdict against the appellant for the sum of $4000, upon which verdict the court, after overruling a motion for a new trial, rendered judgment. An appeal from such judgment having been perfected to the Appellate Court for the Second

District, and said judgment having been affirmed, a further appeal has been prosecuted to this court.

The committee purchased the fireworks from appellant in Chicago, and the latter sent two of its employees, Barber and Rowden, to the city of LaSalle to fire them off. Among them was a Japanese shell. This was a round ball containing an explosive composition. Beneath the shell was a cone containing a lifting charge of powder. To obtain the desired display the shell was placed in a mortar and a fuse attached to the cone was lighted, which exploded the powder, which was expected to lift the shell into the air one hundred and fifty or two hundred feet. The lighting of that fuse was also to light the fuse attached to the shell, which was so timed as to explode the shell when it was about one hundred and fifty or two hundred feet above the ground. When the fuse of the particular shell was lighted the shell rose only about fifteen or twenty feet, turned over, fell to the ground and exploded, scattering fire over a considerable area and setting fire to a quantity of fireworks placed a few feet from where the shell was set off, which exploded, and appellee, being near by, was struck by a rocket and received the injury complained of.

It is not claimed that appellant had anything to do with selecting the place where the fireworks were to be discharged or any control over the people who were witnessing the display, and it appears that the shell which exploded was not manufactured by appellant, but was imported from Japan; that it was carefully examined by appellant before being sent to the city of LaSalle and appeared to be in perfect condition. If, therefore, the appellant is liable it must be under those counts of the declaration which charge negligence in leaving said fireworks in an open and exposed condition, and failing to properly protect the same from sparks and fire to prevent them from being ignited and prematurely discharged.

The proof introduced by appellee tended to show that Barber and Rowden, who were discharging the fireworks, opened boxes containing dangerous explosives and negligently left them open and exposed to the danger of being ignited from falling sparks and fire, and that the same were thus ignited when said shell fell and exploded. To make appellant liable for such negligence it must be shown that at the time of said explosion Barber and Rowden were the servants of appellant, and that they were engaged in handling and discharging said fireworks in its behalf, and that appellant, by reason of such relation, was liable for their negligence. If Barber and Rowden, in handling and firing off said fireworks, were the servants of the committee and not the servants of appellant, so as to relieve appellant from liability and cast the liability upon the committee, then the court should not have instructed the jury to find for the committee, and thereby dismissed the committee out of the case and allowed the same to proceed against the appellant alone. By instructing the jury to find the committee not guilty the trial court in effect held, as a matter of law, that Barber and Rowden were not the servants of the committee but were the servants of the appellant. The contract between the committee and appellant relative to the purchase of said fireworks and the furnishing of Barber and Rowden to fire them off is evidenced by the letters which passed between the committee and appellant, and a personal interview had by Mr. Guthman, as chairman of the committee, with Mr. Beach, the assistant manager of appellant, at the place of business of appellant in Chicago, between the testimony of whom there is a sharp conflict as to what was said at such interview. It was therefore a question of fact for the jury to determine, under proper instructions of the court, what the terms of said contract were, and not a question of law for the determination of the court.

In the case of *Pioneer Fireproof Construction Co.* v. *Hansen*, 176 Ill. 100, on page 106 we say: "If the servants of appellant were, under this written contract, the servants of the Fuller company, so as to relieve the appellant of liability and cast the liability upon the Fuller company, then it was error in the court below to instruct the jury to find for the Fuller company and thereby dismiss that company out of the case, which thereafter proceeded against the appellant alone.  By allowing the motion of the Fuller company for a direction to the jury to find it not guilty, the trial court so construed the contract in question as to hold that the servants of the appellant were not the servants of the Fuller company.  In other words, by dismissing the case as to the Fuller company the trial court held that the relation of master and servant did not exist between the Fuller company and the servants of the appellant, but that the appellant was an independent contractor, liable for the negligent acts of its own servants."

The appellee having seen fit to sue the committee and the appellant jointly, to take the case from the jury as to the committee and allow it to proceed against the appellant alone after the evidence was all in and the argument closed, was, in effect, to hold that the relation of master and servant did not not exist between the committee and Barber and Rowden, and that if said servants negligently handled said fireworks and appellee was injured by reason of such negligence, appellant was liable therefor.  By such ruling the appellant was deprived of the right to have the jury, under proper instructions of the court, pass upon the question of fact whether, under the contract between the committee and appellant, Barber and Rowden were the servants of appellant or the committee, which was a controlling question in the case. In *Coughlan* v. *Cambridge*, 166 Mass. 268, on page 277 it is said: "It is well settled that one who is the general servant of another may be lent or hired by his master to

another for some special service, so as to become, as to that service, the servant of such third party. The test is whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired." And in *Pioneer Fireproof Construction Co.* v. *Hansen, supra,* on page 108 it is said: "He is the master who has the choice, control and direction of the servants. The master remains liable to strangers for the negligence of his servants, unless he abandons their control to the hirer."

We are of the opinion that it was error for the trial court to take the case from the jury as to the committee and allow the same to proceed as to appellant alone, and that the rights of the appellant to make its defense were unduly prejudiced thereby. The judgments of the Appellate and circuit courts will therefore be reversed and the cause remanded to the circuit court for a new trial.

*Reversed and remanded.*