[No. 5725. Decided March 7, 1906.]

GEORGE WIEST, *Respondent,* v. COAL CREEK RAILROAD
COMPANY, *Appellant.*[1]

PLEADINGS—COMPLAINT—DEMURRER. Where a complaint states a
good cause of action, objection upon demurrer that it is not suffi-
ciently specific is not available.

MASTER AND SERVANT — NEGLIGENCE — DEFECTIVE BRAKES — EVI-
DENCE—RELEVANCY. In a complaint for personal injuries which al-
leges that cars were equipped with poor, defective brakes, only one
of which could be set upon a loaded car, it is relevant to ask a wit-
ness if there is anything about the brakes that would render them
unsafe; also, if any of the brakes were broken at the time.

TRIAL—INSTRUCTIONS—STATING ISSUES. It is not error for the
court in instructing the jury to state briefly the issues which had
been made up by the pleadings.

MASTER AND SERVANT—NEGLIGENCE—DUTY OF MASTER—INSTRUC-
TIONS. In an action against an employer for personal injuries, in-
structions as to the duty or liability for failure to use due care, if
it failed to do so, and if that caused the injury or directly contributed
to it, are not objectionable or prejudicial to the defendant from the
addition of the words "if you find that other causes contributed to
it"; since it imposes no additional burden of proof upon the de-
fendant.

MASTER AND SERVANT—WHEN RELATION EXISTS—LOAN OF SERVANT.
Where an employer loans his servant to another for a particular
service, the servant for anything done in that employment must be
regarded as the servant of the one to whom he was loaned.

Appeal from a judgment of the superior court for Cowlitz
county, Miller, J., entered December 2, 1904, upon the ver-
dict of a jury rendered in favor of the plaintiff, for injuries
sustained by a brakeman in the wreck of a logging train.
Affirmed.

*Ralph E. Moody,* for appellant.

*Coovert & Stapleton,* for respondent.

[1]Reported in 84 Pac. 725.

DUNBAR, J.—The complaint in this case alleges, in substance, the corporate capacity of the defendant; that defendant owns and operates a railroad leading from Coal Creek slough to the logging camp of the Rue & Clyde Logging Company, in Cowlitz county, a distance of about two and one-half miles, hauling logs thereon, with engines and logging cars belonging to said defendant, from said logging camp to said Coal Creek slough; that on November 9, 1903, while plaintiff was in the employ of, and working for, said Rue & Clyde Logging Company, in its said logging camp, said company, by agreement with defendant, loaned plaintiff to defendant at defendant's request, for the purpose of acting and working on said defendant's logging train as a brakeman in making a trip on a train of logs from said camp to said Coal Creek slough, and that plaintiff so worked as a brakeman on said trip at the request of defendant and by defendant's license and permission and under its direction; that in making said trip the train consisted of five logging cars, heavily loaded with green logs, and in charge of Tom Allen, conductor and foreman of the defendant's crew; that plaintiff had no previous knowledge and experience as a brakeman upon a railroad train; that this was well known to defendant; that notwithstanding this, the defendant recklessly, carelessly and negligently gave plaintiff no instructions as such brakeman, or any warning of the danger and risk of such employment, though defendant well knew that its said railroad track, by reason of its heavy grades and defective equipment, was a peculiarly dangerous one, and that this was unknown to plaintiff; that defendant had constructed said railroad in a careless, negligent, and unworkmanlike manner, in that its grade was too steep for safety and its rails too light for logging railroad traffic or a heavy strain; and on said trip used a defective, old, and worn-out engine which was originally built for light, quick traffic, and which was not equipped

with good and sufficient brakes, and was not fitted for haul-
ing so heavy a load, not properly geared and without whistle
or bell, and without any means of signalling to brakeman or
crew; and had so carelessly and negligently equipped said
car with such poor defective brakes, and in such a manner,
that only one brake to a car could be set when said car was
loaded; and had negligently overloaded the said train, of
which plaintiff had no knowledge; that said train, by reason
thereof, got beyond control of its crew, and proceeded down
the steep grade aforesaid at a terrific and unmanageable rate
of speed, causing the entire train to leave the track and pile
up in a disastrous wreck. The complaint proceeded to state
that the plaintiff, realizing the uselessness of longer remain-
ing upon the train, at the instance of the conductor Allen,
jumped from the train, struck the bank, rolled down upon
the track and had one of his feet cut off, and received other
injuries; and asked damages in the sum of $20,500.

A demurrer was interposed to the complaint, which was
overruled. The answer was a denial of the negligent acts
alleged in the complaint, and an allegation that the defend-
ant entered into a contract with the Rue & Clyde Logging
Company, whereby the defendant was to transport the logs
over its railroad from the logging camp of the said Rue &
Clyde Logging Company to Coal Creek slough for a com-
pensation, under which contract the Rue & Clyde Logging
Company was to load the logs upon the cars of the defendant
and have full charge and control of the loading of said cars,
and that the only obligation of the defendant was to convey;
alleged that the Rue & Clyde Logging Company did load the
cars and train on the said 9th day of November, 1903, upon
which the plaintiff alleges he was, and that the plaintiff was
an employee of the said Rue & Clyde Logging Company at
said date and time; alleged assumption of risk on the part of
the plaintiff, and contributory negligence. Upon the com-
pletion of the respondent's testimony, motion for nonsuit was

made, which was overruled. Appellant introduced its testimony, rebutting the testimony which was introduced by the respondent. The jury was instructed, and returned a verdict in favor of respondent for $5,000.

The appellant in its brief presents twenty-eight assignments of error. While it is barely possible that, on the trial of a reasonably short case, twenty-eight reversible errors might occur, yet ordinarily where so many errors are assigned, it is an indication that no particular assignment of error is relied upon. The first error assigned is the action of the court in overruling the demurrer to the plaintiff's complaint. The appellant insists that the complaint is so general that it is not specific enough to be sufficient, and does not therefore state a cause of action. We think it is sufficient to say in relation to this assignment, that the complaint plainly states a good cause of action. This disposes of the second assignment, that the court erred in not sustaining the objection to the introduction of any testimony.

It is also alleged that the court erred in not sustaining defendant's objection to the question, "Was there anything about this brake, in operating it on that road in that manner, which would render it unsafe by reason of its position on the car, or its construction, or being difficult to get at, or any of those things?" Inasmuch as the allegations of the complaint were that the cars were equipped with poor, defective brakes, and were equipped in such a manner that only one brake to a car could be set when said cars were loaded, it would seem that the question was pertinent and directed to the proof of the allegations of the complaint. The next objection is that the court erred in not sustaining the defendant's objection to the question, "Were any of those brakes broken at that time?" This assignment may be classed with the one just above referred to. An examination of these alleged errors in relation to the introduction of testimony shows that they are without merit, and that no error was committed in

the introduction of testimony or in sustaining objections thereto.

Neither did the court err in denying defendant's motion for nonsuit, at the close of plaintiff's case, as there was testimony which, if not contradicted, would sustain the main allegations of the complaint. It is claimed that the court erred in giving the following instructions to the jury:

"The plaintiff charges that the defendant's railroad was constructed in a careless, negligent and unworkmanlike manner, in that its grade was too steep for safety for the operation of the train of the character of the one claimed to have been operated when the injury occurred; that the train on this occasion was too heavily loaded for the equipment to handle, and that the brakes on the cars were insufficient and out of repair."

It is alleged that the court erred in giving this instruction because it submitted to the jury issues upon which no evidence had been offered. The court in this particular was merely stating to the jury the issues which had been made up by the pleadings. The court if it had seen fit might have read the pleadings to the jury, or it might have stated them in a concise way as it did. And so far as the criticism is concerned, that it was an instruction upon which no evidence was offered, this cannot be maintained in view of what the record shows; and as to what the testimony was under the allegations of the complaint and answer, the court submitted that question to the jury.

The following instruction is also assigned as error:

"It was also the duty of the company to exercise ordinary care in keeping the brakes in repair. If the company had notice that the brakes were out of repair, or could have known it by the exercise of ordinary care, it was its duty to repair them so as to make them reasonably safe for the use intended, measured by the standard of ordinary care, and if it failed to so do, and this caused the injury or directly contributed to it (if you find that other causes contributed to it), then the company would be liable. But if the brakes were kept in

a reasonably safe condition for doing the work, or if the company exercised ordinary care in keeping the brakes in repair, then there would be no liability in this particular."

The objection to this instruction seems to be to the parenthetical clause, "if you find that other causes contributed to it." But, while it is a little difficult to understand what was intended by the interjection of that sentence, it is plain that it was not prejudicial to the appellant, as it imposed an additional burden of proof on the part of the respondent; because the court correctly stated the law that if it failed so to do—referring to its duty as expressed above—and this failure caused the injury or directly contributed to it, then the company would be liable, whether the jury found that other causes contributed to it or not. The most favorable construction in appellant's interest that could be put upon it would be that the jury were instructed that if they found by a preponderance of the evidence, etc., the failure of the defendant to exercise ordinary care, and that such failure caused the injury or directly contributed to it, then the defendant would be liable even though the jury should find that other causes might also have contributed to the injury. And this would have been a proper interpretation of the law. The same objection is raised in several subsequent assignments in regard to the instructions. The instructions as a whole were exceedingly fair and clear, and no possible prejudice could have attached to appellant's interest by reason thereof. The instructions asked for either had been given in substance or did not state the law.

It is also contended by the appellant that, under the circumstances shown by the pleadings and the proof, the respondent was a volunteer, and that he was in reality a servant of the Rue & Clyde Logging Company. But the law is well established that when one person lends his servant to another for a particular employment, the servant for anything done in that particular employment must be dealt with as the ser-

vant of the man to whom he is lent, although he remains the general servant of the person who lent him.    *Rourke v. White Moss Colliery Co.,* 2 C. P. D. 205; *Grace & Hyde Co. v. Probst,* 208 Ill. 147, 70 N. E. 12; *Consolidated Fireworks Co. v. Koehl,* 190 Ill. 145, 60 N. E. 87.

On the question of assumption of risk, under the allegations of the complaint and the proof in this case, the respondent had a right to rely upon the well-known duty of the employer to furnish him a safe place in which to work, and safe appliances to work with.    The dangers were not so apparent that he was called upon to take notice of them and make an investigation.    The case seems to be singularly free from errors.    The cause was submitted to the jury under proper instructions, and the judgment is affirmed.

MOUNT, C. J., HADLEY, RUDKIN, CROW, and ROOT, JJ., concur.

FULLERTON, J., concurs in the result.