[No. 14754.  Department One.  October 8, 1918.]

JAMES BOE, *Appellant,* v. HODGSON GRAHAM COMPANY, *Respondent.*[1]

SHIPPING—LOSS OF VESSEL—POSSESSION AND CONTROL—LIABILITY —BURDEN OF PROOF. The owner cannot recover from the charterer for the loss of a launch loaded beyond capacity through the negligence of a master furnished by, and in full charge for, the owner; and the rule casting the burden of proof upon the charterer in case of loss does not apply, since his possession was not exclusive.

Appeal from a judgment of the superior court for San Juan county, Brawley, J., entered October 4, 1916, upon findings in favor of the defendant, in an action for damages, tried to the court.  Affirmed.

*J. W. Bryan,* for appellant.

*Frank P. Christensen,* for respondent.

TOLMAN, J.—This action was brought by the appellant to recover the value of the gasoline launch "Try," of which he alleges he was the owner, and which he rented or chartered to the respondent in August, 1916, by oral agreement, to be used in purchasing and transporting fish from the boats or places where purchased to the cannery of the respondent.

It is agreed that the appellant's brother-in-law, one Erickson, who had operated the boat from the time it was built in 1912, was to accompany the boat in respondent's service, and that the $5 per diem charge agreed upon covered the use of the boat and the wages of Erickson.  But there is a very sharp conflict in the testimony and conclusions of the respective parties as to who should have charge and direction of the boat and be responsible for her safety; the appellant contending that the fish buyer in the employ of the respondent, one Friend, had sole charge and direction of

[1]Reported in 175 Pac. 310.

the boat and was in effect her master; while the respondent contends that Erickson was in fact the master of the boat at all times, and while Friend might, and did, direct when and to what points the boat should go, that the operation, handling, and to what extent the boat should be loaded, was left wholly to Erickson's judgment as the master. On August 19, 1916, while operating under the agreement referred to, and after taking on a load of fish and starting for the cannery upon a perfectly smooth sea, the boat sank.

Trial was had to the court without a jury, resulting in findings and judgment in favor of the respondent, from which this appeal is taken.

The appellant contends that the respondent was a bailee in sole charge of the boat at the time of her loss, and that, therefore, the burden of proof is upon it to show that the boat was lost without fault or negligence on its part, and failing in such proof, he, appellant, is entitled to recover. The dispute, in the final analysis, is therefore one of fact as to who was actually in charge of the boat, and who had the right and duty of looking after her safety, limiting her load, and directing her operations. The boat was not of sufficient size to come within the Federal registration law or to require a licensed master, and we must look to the evidence in the case to determine who was in fact her master. We think the evidence fairly establishes that the respondent employed the boat with Erickson, who had been her master at all times theretofore, placed Friend on board as a fish buyer only, with authority to direct when and where the boat should go in pursuit of the business in which he was employed, but that Erickson, who was fully advised as to her capacity and characteristics, was left free to operate her as he thought proper under these general directions. If the boat sank by reason of overloading, which seems probable,

we think the fault lay with Erickson, the master and the representative of the owner; for, though he makes some rather uncertain statements as to having protested at the amount of the load, yet he does not deny that Friend asked him if they could safely take on another hundred fish, and he tacitly consented thereto and, after the loading was completed, he put the boat in motion without any protest as to the amount of the load, and started out to sea without examination to see how much freeboard he had, without insisting upon the hatches being fastened down to prevent water which might come over the stern from pouring into the hold, and, in fact, without taking any precautions which a master should take to secure the safety of his boat. Friend knew no more about the capacity of the boat than could be learned by casual observation, while Erickson, who had operated her from the day she was built, must have known her capacity and her tendency to sink at the stern when in motion with a heavy load, if any one did. The possession of respondent not being exclusive, the rule as to the burden of proof, for which the appellant contends, does not apply. 6 C. J. 1158; *Bertig v. Norman,* 101 Ark. 75, 141 S. W. 201, Ann. Cas. 1913D 943; *North Atlantic Dredging Co. v. McAllister Steamboat Co.,* 202 Fed. 181.

A careful examination of the statement of facts convinces us that the evidence fully justifies the findings of the trial court that the boat foundered and sank while in charge of the man furnished by the appellant. This being so, it is unnecessary to discuss the law further than to say that, under all of the authorities, no cause of action exists in favor of the appellant or against the respondent.

Judgment affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PARKER, JJ., concur.