[No. 33862. *En Banc.* June 19, 1958.]

LeMary Hodgkinson, *Appellant,* v. The Department of Labor and Industries, *Respondent.*[1]

*George H. Davies* and *Bassett, Geisness & Vance,* for appellant.

*The Attorney General, Arthur S. W. Chantry* and *Alfred J. Bianchi, Assistants,* for respondent.

Per Curiam.—This industrial insurance appeal presents a single problem, the right of a workman's widow to a pension where his death from heart disease was attributable to the exertion incident to the performance of his usual duties. The widow has appealed from a judgment of dismissal.

The workman was fifty-five years of age. For approximately a year and one half, he drove a truck for Safeway stores, and, on January 19, 1954, began his labors as usual at eight a. m. He drove a van-type truck from Seattle to Puyallup and arrived during the noon hour. After lunch, he started to unload the truck, the maximum weight of the packages not exceeding sixty pounds. In ten or fifteen minutes, he complained of pain in his chest and rested. Upon resuming labor, he complained of being overheated. He rested momentarily before resuming work, but soon left. His body was found in the lavatory about an hour afterwards.

The post-mortem examination disclosed that death was due to coronary insufficiency induced by exertion, the exact language being coronary atherosclerosis with insufficiency

[1]Reported in 326 P. (2d) 1008.

terminating with a coronary thrombosis and pulmonary congestion.

A clot of blood, which the doctors declared was a relatively recent one, was found in a vessel of the heart. While the evidence was conflicting, there was medical testimony that the exertion precipitated the clot which caused the death.

 The workman's routine duties, performed for a year and one half, do not constitute an injury under the purview of RCW 51.08.100 [cf. Rem. Rev. Stat. (Sup.), § 7675; Rem. Supp. 1941, § 7679-1], which provides:

" 'Injury' means a *sudden* and *tangible happening,* of a traumatic nature, producing an immediate or prompt result, and occurring from without; an occupational disease; and such physical condition as results from either." (Italics ours.)

The judgment is affirmed.

FOSTER, J. (dissenting)—In addition to the reasons stated in my dissent in *Windust v. Department of Labor & Industries, ante* p. 33, 323 P. (2d) 241, I dissent here because the evidence brings the case within *Porter v. Department of Labor & Industries,* 51 Wn. (2d) 634, 320 P. (2d) 1099.

The post-mortem examination disclosed death was due to coronary insufficiency induced by overexertion, the exact language being coronary atherosclerosis with insufficiency terminating with a coronary thrombosis and pulmonary congestion.

A clot of blood, which the doctors declared was a relatively recent one, was found in a vessel of the heart. There was abundant medical testimony that the exertion precipitated the clot which caused the death. On the other hand, there was substantial testimony to the contrary; but, on the motion to dismiss, the evidence, with all reasonable inferences therefrom, must be considered in the light most favorable to the plaintiff. The evidence was sharply in conflict, but that presented an issue of fact for the jury's determination.

I dissent.

FINLEY and ROSELLINI, JJ., concur with FOSTER, J.