[No. 39051. Department Two. August 24, 1967.]

MAE D. CHITTENDEN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*\*

\*Reported in 431 P.2d 622.

*Brodie, Fristoe & Taylor* and *Stowell & Stowell,* for appellant.

*The Attorney General, Stephen M. Reilly* and *John C. Martin, Assistants,* for respondent Department of Labor and Industries.

*Ryan, Askren, Carlson, Bush & Swanson,* by *Richard L. Cleveland,* for respondent McCleary Plywood, Simpson Lumber Company.

SHORETT, J.†—Horace G. Chittenden died of a heart attack while working as the operator of a brander-sander in a plywood plant. His widow applied for a pension from the Department of Labor and Industries. The Board of Industrial Insurance Appeals denied her claim and on appeal to the superior court, the case was dismissed on the ground that the record contained no evidence that Mr. Chittenden had died as the result of an industrial injury.

The evidence viewed most favorably to appellant as required (*Davis v. Early Constr. Co.,* 63 Wn.2d 252, 386 P.2d 958 (1963) ) shows the following facts:

Mr. Chittenden, 72 years old at the time of his death, had, for many years, operated the brander-sander at the Simpson Lumber Company's McCleary plant. The brander-sander consists of two machines, side by side, which brand and sand plywood. It was the operator's job to feed each panel into the branding machine by balancing it on a jack and then shifting the panel sideways so that it would be caught by the pressure rollers and carried through the brander. As the panel came out of the brander, the operator again employed the jack and caused the panel to enter the sander. This completed the process.

The panels fed to this machine are 4 by 8 feet. They vary in weight, depending upon their density. A ¼ inch panel

---

†Judge Shorett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

weighs from 15 to 30 pounds and a ¾ inch panel between 60 and 78 pounds. At the time of his death Mr. Chittenden was feeding the machine ¾ inch panels.

There was testimony that the ¾ inch panel was not a favored item at McCleary. The processing of ¾ inch panels was not unusual, but less were processed at McCleary than are processed at other plants.

Since 1956, when an electrocardiogram showed that Mr. Chittenden had an enlarged heart, he had been taking cardiac drugs. There is medical testimony that on May 31, 1960, he appeared to suffer a heart attack. He had been off work since May 29. He returned to work on June 5, and by the time he left for his vacation on July 4, 1960, he had worked 4 weeks as a gateman and only 1 week on the brander-sander. There is lay testimony that on July 13, 1960, Mr. Chittenden suffered a further heart attack. Later in the year he worked 4 weeks as a gateman and thereafter he was off work until February 6, 1961, when he returned to the brander-sander job. It was on the seventh day of such work that he suffered a fatal heart attack.

 The sole issue is whether appellant has presented evidence of an industrial injury, defined by RCW 51.08.100 as:

> "Injury" means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical conditions as result therefrom.

The proper interpretation of the statute was recently stated in the following language:

> Beginning with *Windust v. Department of Labor & Indus.*, 52 Wn.2d 33, 323 P.2d 241 (1958), we have consistently held that the exertion required in the normal routine duties of a job is not an injury within the meaning of RCW 51.08.100. [Citing cases.] In other words, for a heart attack to qualify as an injury within the meaning of this section, there must be evidence which will support a conclusion that the attack resulted from a strain or exertion not ordinarily required of the employee in the

performance of his duties. (Footnote omitted.) *In re Taylor,* 69 Wn.2d 19, 20, 416 P.2d 455 (1966).

Is there evidence that the decedent suffered some unusual strain which resulted in his death?

The record shows that Mr. Chittenden had worked for 10 to 20 years on the machine prior to May 1960, that he returned to work for 1 week in July 1960, and again returned to those duties on February 6, 1961, working there for 6 full days before his death. We have held that there is no "injury" in the routine act of 10 years, *Windust v. Department of Labor & Indus.,* 52 Wn.2d 33, 323 P.2d 241 (1958), nor of 1½ years, *Hodgkinson v. Department of Labor & Indus.,* 52 Wn.2d 500, 326 P.2d 1008 (1958), nor of 6 to 8 weeks, *Taylor v. Department of Labor & Indus., supra.*

Appellant places emphasis upon the fact that on the day of his death, Mr. Chittenden was feeding the machine ¾ inch plywood panels, but there was no evidence that this was an unusual or unexpected part of the occupation of brander-sander feeder. We have held that there is no "injury" in the doing of an act for 2 days which, while done infrequently, is not an unusual or unexpected part of the occupation. *Lawson v. Department of Labor & Indus.,* 63 Wn.2d 79, 385 P.2d 537 (1963).

There was no substantial evidence to support appellant's claim that on February 14, 1961, Mr. Chittenden suffered an industrial injury.

Appellant also assigned error to the fact that the hearing examiner sustained an objection to a statement that decedent's doctor had told him not to return to work on the brander-sander, but the objection was not renewed in the superior court. In any event, the evidence is not relevant to the question of whether an industrial injury occurred.

The judgment is affirmed.

FINLEY, C. J., HILL, DONWORTH, and HAMILTON, JJ., concur.

October 4, 1967. Petition for rehearing denied.