[No. 6030–1. Division One. February 13, 1979.]

BETTYE D. BRYANT, *Appellant,* v. THE DEPART-
MENT OF LABOR AND INDUSTRIES,
*Respondent.*

*K. R. St. Clair,* for appellant.

*Slade Gorton, Attorney General,* and *Tracy B. Madole, Assistant,* for respondent.

SWANSON, A.C.J.—Mrs. Bettye Bryant filed a claim for benefits under the Industrial Insurance Act, claiming her husband's fatal stroke was the result of an industrial injury. The department rejected the claim finding that Mr. Bryant's death was due to natural causes and was not the result of an industrial injury or occupational disease. On review, the Board of Industrial Insurance Appeals sustained the department's order rejecting the claim. Mrs. Bryant appeals from a judgment entered on a jury verdict upholding the board's determination.

The decedent, William R. Bryant, operated a real estate office in Anacortes for a number of years. One morning, one of Mr. Bryant's salesmen and a close friend, George Dodson, unexpectedly announced his resignation. The announcement came as a surprise to Mr. Bryant and visibly upset him. Shortly after Dodson's announcement, Mr. Bryant left the office with a friend, Otto Drager, to get a cup of coffee. The two talked and drank coffee for an hour to an hour and a half (until about noon) when Mr. Bryant left for home. Later that afternoon, when Debbie Bryant came home from school, she found her father asleep, and because she was unable to wake Mr. Bryant for dinner, she called Drager. Drager recalls Debbie saying that she believed her father was drunk, but Debbie does not recall making this statement. Mr. Bryant was taken to the hospital and died early the next morning.

The medical evidence indicated Mr. Bryant died of a cerebral vascular accident or cerebral hemorrhage (stroke), but the testimony of the two medical experts was in conflict regarding the relationship between Dodson's resignation

and Mr. Bryant's death. Dr. Joseph Voegtlin testified that he could say with reasonable medical certainty that the events of the day were the "precipitating cause" of Mr. Bryant's death. Dr. Robert M. Levenson, a cardiologist, testified that in his opinion Dodson's leaving did not cause the stroke which resulted in Bryant's death and that an emotional shock such as that suffered by Mr. Bryant cannot be connected to a stroke. Dr. Levenson further stated it was "likely and inevitable" Mr. Bryant would have had a stroke "reasonably soon" regardless of the emotional trauma of the day.

Mrs. Bryant makes five assignments of error, four of which relate to the trial court's instructions to the jury. She first contends the trial court erred in instructing the jury that an industrial injury must be "the" proximate cause of the result complained of rather than "a" proximate cause.[1]

The record reveals that no exception was taken to the giving of the court's instructions Nos. 6 and 7 or to the court's refusal to give Mrs. Bryant's requested instruction. The instructions given, therefore, become the law of the case and are not subject to review on appeal. *Ball v. Smith*, 87 Wn.2d 717, 720, 556 P.2d 936 (1976).

---

[1]The trial court's instructions relating to proximate cause are as follows:

Instruction No. 6:

"Workmen's compensation benefits are not limited to workmen with no prior infirmities. If the workman sustains an industrial injury which is the proximate cause of the result complained of, then the workman's previous physical condition is immaterial."

Instruction No. 7:

"Plaintiff has the burden of proving that the decedent's stroke was proximately caused by an unusually strenuous emotional exertion on the job on December 5, 1972.

"When the court uses the term 'proximate cause' it means a cause which in a direct sequence, unbroken by any independent cause, produced the stroke, and without which such stroke would not have occurred. There may be one or more proximate causes."

Mrs. Bryant's proposed instruction No. 7 reads as follows:

"Workmen's compensation benefits are not limited to injured workmen with no prior infirmities, but are available whenever the injury complained of is a proximate cause of the disability for which compensation is sought regardless of a workman's previous physical condition or medical history."

 Even if proper exceptions had been taken, we do not believe the trial court erred in instructing the jury as to proximate cause. Instructions are sufficient if they permit each party to argue his or her theory of the case; if they are not misleading; and if, when read as a whole, they properly inform the jury as to the applicable law. *Levea v. G.A. Gray Corp.*, 17 Wn. App. 214, 224, 562 P.2d 1276 (1977). The trial court has considerable discretion as to how its instructions will be worded. *Levea,* at 225.

Mrs. Bryant contends the instruction given was misleading in that it allowed the jury to find in her favor only if her husband's stroke was the sole cause of his death. We believe, however, that the instruction given meets the tests set in *Levea,* at 224. Instruction No. 7 stated "[t]here may be one or more proximate causes," thus negating any implication, created by instruction No. 6, that there may be only one. The instruction correctly stated the law of multiple proximate causes and allowed Mrs. Bryant to argue her theory of the case.[2]

Mrs. Bryant next contends that the trial court erred in instructing the jury that emotional exertion, although unusual, does not constitute a compensable injury if it is a usual or expected part of the operation of the business. Again, no exception was taken to the giving of the court's instruction or to the refusal to give Mrs. Bryant's requested instruction. The court's instruction therefore becomes the law of the case and may not be reviewed on appeal. *Ball v. Smith, supra* at 720.

---

[2]*Wendt v. Department of Labor & Indus.*, 18 Wn. App. 674, 684, 571 P.2d 229 (1977), relied on by Mrs. Bryant, held that it was error to give an instruction which could have led the jury to believe that the industrial injury must be the *sole* proximate cause of disability. The court, in *Wendt,* emphasized the instruction's use of the word "only" (in relation to proximate cause) as having the tendency to mislead the jury. The instruction given in this case did not use the word "only," and we do not believe it had the tendency to mislead, as did the instruction given in *Wendt,* at 684.

In any event, we again find no error in the instruction given.[3] The instruction allowed the parties to argue their respective theories of the case and was not misleading. The instruction also correctly stated the law, *i.e.*, there is no "injury" in the performance of an act which, while done infrequently, is not an unusual or unexpected part of the occupation. *Chittenden v. Department of Labor & Indus.*, 71 Wn.2d 899, 902, 431 P.2d 622 (1967).[4]

Mrs. Bryant also contends the trial court erred in instructing the jury that the causal relationship between unusual emotional exertion and the injury must be proved in terms of probability while, in the same instruction, stating that the evidence must prove the stroke would not have occurred but for the emotional exertion. She argues the instruction misled and confused the jury by placing two different burdens of proof in one instruction.[5]

---

[3]The court's instruction No. 8 reads as follows:

"You are instructed that the fact that the decedent sustained a stroke is not in itself grounds to award benefits under the Workmen's Compensation Act. Compensation may be granted only if the stroke is shown to have been an industrial injury.

"Within the meaning of the Workmen's Compensation Law applicable to this case, "injury" means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result and occurring from without, and such physical conditions as result therefrom.

"In order for the stroke of December 5, 1972 to qualify as an injury within the meaning of the law, it must be established that the stroke was the prompt or immediate result of a particular instance of unusually strenuous emotional exertion on the job. Emotional exertion in one's business activities, although infrequent, does not constitute an injury if it is a usual or expected part of the operation of the business."

[4]The holding of *Chittenden v. Department of Labor & Indus., supra,* is criticized in *Louderback v. Department of Labor & Indus.,* 19 Wn. App. 138, 140, 575 P.2d 246 (1978). We adhere, however, to the law as set out in *Chittenden* and believe that, under the facts of this case (involving unusual emotional exertion), the trial court correctly stated the law.

[5]The court's instruction No. 9 reads as follows:

"Medical testimony must establish the causal relationship between the alleged unusually strenuous emotional exertion and the December 5, 1972 stroke in terms of probability. In other words, medical testimony in terms of possibility, speculation or conjecture is not sufficient.

█ On appeal, Mrs. Bryant urges a different objection to the instruction from that argued at trial.[6] An exception to an instruction on a new basis, raised for the first time on appeal, will not be considered. *Nelson v. Mueller,* 85 Wn.2d 234, 238, 533 P.2d 383 (1975).

Moreover, in *Young v. Group Health Coop.,* 85 Wn.2d 332, 340, 534 P.2d 1349 (1975), after hearing arguments similar to those raised by Mrs. Bryant in this case, the court approved the giving of a virtually identical instruction. The trial court did not err in giving its instruction No. 9.

Mrs. Bryant next contends that the trial court erred in instructing the jury that mere acceleration of the final stages of a disease is not proof of the required causal relationship between the occurrence and the subsequent death. She argues that the instruction incorrectly stated the law and constituted a comment on the evidence.[7]

█ Again, Mrs. Bryant is precluded from arguing that the instruction incorrectly states the law, as she did not except to the instruction on that basis at trial. *Nelson v.*

---

"The evidence must be more than that the alleged incident could cause, can cause, or probably could cause the stroke. .

"It must rise to the degree of proof that the stroke would not have occurred but for the alleged unusually strenuous emotional exertion."

[6]At trial, Mrs. Bryant excepted as follows:

"I respectfully except to the court's giving Instruction No. 9. It is the one that said medical evidence must establish a causal relationship. I suppose you could give that instruction in every case but in my opinion it creates an issue that we don't need. It is inappropriate because Dr. Voegtlin was asked over and over with reasonable medical certainty and he testified over and over. There isn't a single medical claim of the plaintiff which isn't couched in terms of reasonable medical certainty. He never used the word 'possibility.'"

[7]The court's instruction No. 10 reads:

"To be within the Workmen's Compensation Act, an industrial injury must have a causal relationship to the death of the decedent, who otherwise would have lived for an indefinite and unpredictable time.

"Mere acceleration of the final stages of a disease is not proof of the required causal relationship."

*Mueller, supra* at 238.[8] In any event, the instruction does correctly state the law as set out in *Mork v. Department of Labor & Indus.*, 48 Wn.2d 74, 77, 291 P.2d 650 (1955), where the court stated:

Death, which is the last stage of a progressive disease, is not within the scope of the industrial insurance act. To be within the act, an *industrial injury* must have a causal relation to the death of the workman, who otherwise would have lived for an indefinite and unpredictable time. Mere acceleration of the final stage of a disease is not proof of the required causal relationship.

The instruction is supported by Dr. Levenson's testimony that Mr. Bryant would have suffered a stroke "reasonably soon" regardless of the incident at work, and does not comment on the evidence.

■ Finally, Mrs. Bryant contends the trial court erred in refusing to grant her motion for a new trial. She claims that counsel for the department, in closing argument, improperly mentioned Mr. Bryant's use of alcohol. The record indicates no objection was made and no curative instruction was requested.

[U]nless it can be said that the misconduct was so flagrant, persistent and ill–intentioned, or its wrong so obvious and evil results so certain that the trial court's instruction to disregard it could not neutralize its effect, the failure to object and request a corrective instruction was a waiver of such objection.

*Nelson v. Martinson*, 52 Wn.2d 684, 689, 328 P.2d 703 (1958).

There is substantial evidence in the record that Mr. Bryant drank excessively and had a chronic drinking problem. Counsel did not argue that alcohol killed Mr. Bryant, but did intimate that the drinking worsened Mr. Bryant's condition. Counsel also brought up the alcohol problem as a part of his argument that there were many factors operating to contribute to Mr. Bryant's death. Mrs. Bryant

---

[8]At trial, Mrs. Bryant excepted as follows:

"Except to the giving of No. 10 as a comment on the evidence. There is no evidence there was any acceleration of the final stages of disease."

waived any objection to counsel's comments because, in light of the substantial evidence relating to Mr. Bryant's use of alcohol, it cannot be said that the comments were so flagrant that a proper instruction could not have neutralized their effect. *Nelson v. Martinson, supra* at 689.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.