[No. 7135–1–I.   Division One.   January 28, 1980.]

OWENS–CORNING FIBERGLAS CORPORATION, *Respondent,* v.
THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respon–
dent,* GEORGE AULD, *Appellant.*

*Thomas P. Graham* and *Graham & Cohen, Inc., P.S.,* for
appellant.

*Slade Gorton, Attorney General, Tracy Madole, Assist-
ant, George M. Hartung, Mary Colleen Weule,* and
*LeSourd, Patten, Fleming, Hartung & Emory,* for respon-
dents.

SWANSON, J.—George Auld appeals from a Superior Court judgment which reversed the Board of Industrial Insurance Appeals and reinstated a permanent partial disability award of the Department of Labor and Industries. We affirm.

On May 27, 1975, Auld sustained injury to his lower back during his employment at Owens–Corning Fiberglas Corporation. The Department of Labor and Industries determined that he should have an unspecified partial disability award of 10 percent of total bodily impairment. Auld appealed to the Board of Industrial Insurance Appeals, which reversed the Department's decision and ordered that he be declared totally and permanently disabled. On July 20, 1977, Owens–Corning appealed to the Superior Court. On April 19, 1978, the jury rendered its verdict, reversing the Board and reinstating the Department's award.

First, Auld contends that the trial court erred in allowing the cross–examination of a psychiatrist as to the possible psychogenic effects of a pension on his motivation to return to work. He argues that the cross–examination inserted an inadmissible monetary element and that such testimony lacked foundation in the record.

The trial court could properly infer from the psychiatrist's expert testimony as to Auld's passive–dependent personality and the substantially psychogenic, rather than organic, nature of his disability, that he might never be motivated to return to work if he received a permanent total disability pension and that such an award would subconsciously reinforce his injury symptoms. Motivation and dependency were relevant and directly at issue. The scope of cross–examination is within the broad discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *Wood v. Dunlop*, 8 Wn. App. 957, 510 P.2d 260 (1973), *aff'd in part, rev'd in part*, 83 Wn.2d 719, 521 P.2d 1177 (1974). We find no abuse of discretion.

■ Second, Auld contends that instruction No. 9, which instructed the jury that worry and anxiety over an industrial injury are not compensable, is an incorrect statement of the law.

Instruction No. 9 stated:

A disabling mental disease or condition which is the proximate result of a physical injury is compensable under the Workmen's Compensation Act. However, a mental condition which is due to worry, anxiety, or brooding over the accident or its effect, or the economic consequences thereof, is not a compensable condition.

Auld excepted to the instruction as follows:

[W]e would except to the Court's instruction No. 9 which has been submitted concerning worry and anxiety and brooding or mental conditions, *not that it is an incorrect statement of the law* but that it does not apply to this particular case.

The case cited for that proposition is not—that type of proposition is not supported under the evidence here.

(Italics ours.) Auld's failure to except to the instruction on the grounds asserted to us that it incorrectly stated the law precludes him from raising the issue for the first time on appeal. *Nelson v. Mueller,* 85 Wn.2d 234, 533 P.2d 383 (1975); *Bryant v. Department of Labor & Indus.,* 23 Wn. App. 509, 596 P.2d 291 (1979).

■ Finally, Auld contends that the trial court erred in failing to remand the case for clarification of an alleged stipulation at the Board hearing that he had been granted a temporary total disability award for 5 months prior to the Department's closure of his claim. The trial court found that no stipulation existed because it had not been reduced to writing and signed by the parties. A party seeking to establish a stipulation has the burden to see that such document is prepared and filed. In the event it is not, as here, the party may not rely on an alleged stipulation. Further, the trial court was correct in refusing to remand the case to the administrative level for clarification because the stipulation in question was not essential to the disposition.

Affirmed.

CALLOW, C.J., and DORE, J., concur.